[No. 13403.   Department One.   July 7, 1916.]

DEWEY REMNSNYDER, *Respondent*, v. LOWMAN & HANFORD, *Appellant*.[1]

MASTER AND SERVANT—INJURY TO SERVANT—PROXIMATE CAUSE—CONTRIBUTORY NEGLIGENCE.   Where an employee's heel was caught against an eye beam, when the elevator in which he was riding passed an inset or recess in the wall of the shaft, the defect in the elevator shaft was the proximate cause of the injury, and he was not guilty of contributory negligence in unconsciously moving his foot back a few inches at the moment of passing the eye beam; since the defect was not so open and apparent that he was bound to anticipate and constantly keep it in mind.

SAME—CONTRIBUTORY NEGLIGENCE.   In such a case, the employee cannot be charged with contributory negligence because he stood at the back of the elevator instead of at the side, where there was room for him at either place.

SAME—FELLOW SERVANTS.   The law of fellow servant is inapplicable where the injury to a servant riding in an elevator was caused by a defect in the elevator shaft and not by the act of his fellow servant.

Appeal from a judgment of the superior court for King county, Tallman, J., entered September 17, 1915, upon the verdict of a jury rendered in favor of the plaintiff, for personal injuries sustained in an elevator accident.   Affirmed.

*H. M. Ramey, Jr.,* for appellant.

*Roney & Loveless,* for respondent.

CHADWICK, J.—Respondent, Dewey Remnsnyder, was employed by the appellant company.   With another, he took some sectional book cases from a show window and placed them on the elevator which was used for transporting freight from one floor to another.   After the elevator had been loaded, the two employees took positions upon the elevator; respondent at the back facing the front, and the other employee at the front.   At the fourth floor, there was a steel

[1]Reported in 159 Pac. 107.

eye beam running horizontally along the side of the shaft and upon which, as we understand the testimony, the floor rested. The wall at the back of the elevator, but for the eye beam, which had the effect of making an inset or recess in the wall about two inches deep, presented an even surface from the bottom to the top of the elevator shaft. As the elevator passed the recess, the heel of respondent's shoe caught on the upper edge of the eye beam or wall where it came flush with the eye beam, and he was painfully injured.

From an adverse verdict, appellant prosecutes this appeal. Aside from the assignments going to the admission and rejection of testimony and to the course of the trial, the errors relied on go to the questions of contributory negligence and to what is insisted was a denial of the benefit of other affirmative defenses.

Much of the record is made up of testimony tending to show that the elevator was in bad condition. The accident is not accounted for with certainty. Respondent seems to depend upon two theories: First, that the elevator moved with an oscillating movement, thus furnishing an hypothesis from which the jury might find that respondent, although he did not move his foot, was caught as a result of the swing of the elevator. Second, that one of the boards in the floor of the elevator caught on the eye beam and was loosened, throwing respondent's foot backward into the recess. There is quite as much, and probably more, dependable testimony to show that there was not sufficient play in the movement of the elevator to make it probable, or even possible, that the accident happened on account of any movement of the elevator.

Appellant's case is built up on the theory that respondent, voluntarily, and without regard to his own safety, moved his foot backward—he was facing the front of the elevator— and is, in consequence, guilty of contributory negligence; that, if he had not done so, it would have been physically impossible for respondent to have been injured. Respondent

says that he did not move his foot backward, but when his testimony is considered as a connected narrative, we are impressed, as the jury must have been, that respondent was not conscious of the movement of his feet and that he must have moved his foot, or the breaking board moved his foot far enough to catch the eye beam at the very instant the elevator floor passed the inset or recess in the wall. But, if it be admitted that respondent moved his foot, we are still of opinion that he was not guilty of contributory negligence, and that the inset in the wall of the shaft was the proximate cause of the injury.

When an open shaft of an elevator is maintained, and a workman is expected to go up and down in the course of his employment, he is not bound to anticipate or keep in mind the unusual. The only inquiry is whether he is guilty of such imprudence as to make him the prime actor in his own undoing. Or, to state the proposition in another way, the duty was upon the master to anticipate and guard against that which a man exercising ordinary prudence might do when proximate to the dangerous agency.

The defect in the elevator shaft was not so open and obvious as to excite a person to more than ordinary care for his own safety or to cause him to hold his foot within the movement of a few inches—one or two at best. Besides, respondent testified that he had worked at the place but a short time and did not know of the inset. We hold that the proximate cause of the injury was the defect in the elevator shaft.

The exceptions going to the admission or rejection of testimony and to the instructions given and refused are so numerous that they will not bear discussion *seriatim*. It is enough to say that we have read the record with care and find nothing which would call for a reversal of the case unless we follow the theory of appellant, which, as we have endeavored to show, is not well founded.

It is contended further that respondent was guilty of contributory negligence in that he should have stood at the side of the elevator instead of at the back. There was room for him at either place, and he cannot be charged because he took a position which harbored a danger which he had no reason to anticipate, and which we must assume was not appreciated by his more experienced coemployee, who, otherwise, would have warned respondent of his peril.

The court rejected the defense of assumption of risk upon the theory that the elevator was not constructed and maintained in the manner provided by the ordinances of the city of Seattle. We shall not discuss this assignment. If the ordinance be disregarded, the testimony is quite insufficient to charge respondent with the assumption of the risk. Respondent says he did not know of the recess and the danger was not so open and obvious as to put him to that hazard.

Neither was appellant prejudiced by a denial of the right to assert the law of fellow servant as a governing rule. The other employee on the elevator may have been a fellow servant but the accident is, in no way, chargeable to his act. It happened in consequence of an agency entirely independent.

We believe that the jury arrived at a true verdict which is sustained by the record, and that the instructions which might be criticised were favorable to appellant, and that it cannot now complain.

Affirmed.

MORRIS, C. J., MOUNT, ELLIS, and FULLERTON, JJ., concur.